FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 DEC 20 AM 11: 44

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| JAMES DANIEL KENNEDY, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV607-078<br>[Underlying CR606-007] |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government does not oppose the motion. (Doc. 3.) For the following reasons, the Court recommends that the motion be **GRANTED** so that movant may pursue an out-of-time appeal.

On June 8, 2006, a federal grand jury indicted movant, charging him with possession of listed chemicals with intent to manufacture a controlled

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV607-078. "Cr. Doc." refers to documents filed under movant's criminal case, CR606-007.

substance, manufacturing methamphetamine, possession of a destructive device not registered in the National Firearms Registration and Transfer Record, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking offense. (Cr. Doc. 1.) On October 4, 2006, Kennedy entered a negotiated guilty plea to Count 1 of the indictment (possession of listed chemicals with the intent to manufacture a controlled substance). (Cr. Doc. 33.) On December 13, 2006, the Court sentenced Kennedy to 210 months' imprisonment, three years' supervised release, and ordered him to pay a $100 special assessment. (Cr. Doc. 34.)

Movant contends that his appointed counsel, Troy Lance Greene, promised to file a notice of appeal on his behalf but failed to do so. (Doc. 1.) The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, Rodriquez v. United States, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant

requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; Flores-Ortega, 528 U.S. at 477.

While the government disputes movant's contention that he asked Mr. Greene to file a notice of appeal, (Doc. 4 at 2), it nevertheless concedes that movant should be granted an out-of-time appeal, reasoning that Greene failed to "consult" with his client as that term is defined by the Eleventh Circuit's recent decision in Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007). (Id. at 3.) Even if a defendant never directly asks counsel to file an appeal on his behalf, in most cases counsel has a duty to consult with his client about whether he wishes to pursue an appeal. Flores-Ortega, 528 U.S. at 481. If counsel properly consults with his client, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. However, "[i]f counsel has not consulted with the defendant, the court must . . . ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id.

To answer the first question, whether counsel did in fact consult with movant, the Eleventh Circuit recently held that "adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson, 504 F.3d at 1206. The Thompson court indicated that unless counsel explains the appellate process and the potential benefits and risks (if any) of an appeal, then his client lacks the necessary information "from which he could have intelligently and knowingly either asserted *or* waived his right to an appeal." Id. at 1207. Here, after having Greene review the Thompson opinion, the government is prepared to concede that Greene did not meet the rigorous consultation requirement set forth in Thompson and "that an out-of-time appeal would be the proper remedy in [movant's] case." (Doc. 4 at 3.) As there is no indication from the record that counsel attempted "to discover [movant's] *informed* wishes regarding an appeal," Thompson, 504 F.3d at 1207 (emphasis added), the Court finds that counsel's consultation was inadequate.

The Court must next ask "whether counsel's failure to consult with the [movant] itself constitutes deficient performance." Flores-Ortega, 528 U.S. at 478. To determine whether performance was deficient, the Court must determine whether counsel had a duty to consult with movant in this case, and, if so, whether movant was prejudiced by the failure to consult. Id. at 481; Thompson, 504 F.3d at 1207; see Strickland v. Washington, 466 U.S. 668, 687 (1984).

Although the better practice is to consult in every case, counsel has a constitutionally imposed duty to consult only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. "In making this determination, courts must take into account all information counsel knew or should have known." Id. The government concedes that there was a duty to consult in this case. (Doc. 4 at 3.) After independently reviewing the record, the Court cannot conclusively say otherwise. Movant raised numerous objections to his presentence investigation report, providing

several possible grounds to appeal the severity of his sentence (PSI ¶¶ 1-8), and he received a 210-month sentence, at the upper end of the applicable sentencing guidelines. Considering the lengthy sentence imposed and the multiple objections raised by counsel, "it cannot be said that no rational defendant would have wanted to appeal the . . . sentence imposed under the facts of this case." Thompson, 504 F.3d at 1208.

Finally, movant must show that he was prejudiced by counsel's deficient performance. Flores-Ortega, 528 U.S. at 481; see Strickland, 466 U.S. at 687. Prejudice requires a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484. Because direct appeals of a federal sentence are a matter of right, this Court must determine whether movant likely would have appealed without regard to the putative merits of the appeal. Id. at 485-86. Once again, the government apparently concedes that movant would have appealed if he had been properly advised of the appellate process and the potential advantages of an appeal, as required by Thompson. (Doc. 4 at 3.) Furthermore, there is no evidence in the record indicating that movant

would not have appealed if he had been properly consulted. Accordingly, the Court finds that movant was prejudiced by the failure in consultation.

In conclusion, counsel had a duty to consult movant regarding an appeal, he failed to do so within the meaning of Thompson, and that failure prejudiced movant. This § 2255 motion, therefore, should be **GRANTED** so that movant may pursue an out-of-time direct appeal.

The Eleventh Circuit set forth the procedure courts are to follow when granting out-of-time appeals in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, (1) the judgment in movant's criminal case should be vacated; (2) the court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. Id.

Movant must be afforded counsel to represent him during his direct appeal. Accordingly, the Court **DIRECTS** that the Clerk make necessary preparations to appoint new counsel for movant to represent him upon the

reimposition of his sentence and during the direct appeal in his criminal case.

**SO REPORTED AND RECOMMENDED** this ___19TH___ day of December, 2007.

>　　　　　　　　　　　　　　　/s/ *signature*
>　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**
>　　　　　　　　　　　　　　　**SOUTHERN DISTRICT OF GEORGIA**